IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-03591-CNS-SBP

BRANDON LEE DE VITO,

      Plaintiff,

v.

JEFFERSON COUNTY SCHOOL DISTRICT R-1;
COLORADO DEPARTMENT OF EDUCATION;
COLORADO OFFICE OF ADMINISTRATIVE COURTS;
LAURA BRONIAK, Director and Chief Administrative Law Judge of the Colorado Office
of Administrative Courts Judicial Function and in Capacity of ADA Coordinator; and
NICHOLAS JACOB CAMPBELL, Magistrate Judge of the District Court for Jefferson
County, Colorado (Official Capacity),

      Defendants.

---

**ORDER**

---

Before the Court is Plaintiff's Notice of Post-Complaint Developments and Combined Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 28, as well as the Defendants' Responses to it, *see* ECF Nos. 33 and 34, filed by the State Defendants and the School District Defendant. For the reasons set forth below, and after considering the parties' briefs and relevant legal authority, the Court DENIES the motion.

1

## I.    SUMMARY FOR *PRO SE* PLAINTIFF

You have filed a notice seeking to add allegations to the Second Amended Complaint and a motion seeking injunctive relief against the Defendants. First, you cannot use the notice to add or supplement your allegations. Second, because as a matter of law the Court cannot enjoin or interfere with the ongoing state court proceedings against the State Defendants, it must deny your request for injunctive relief, since for this reason you have not shown a likelihood of success on the merits for your claim for relief. Third, your motion does not concern the behavior of the School District Defendant at all, and so the Court denies your motion against it for this reason.

## II.    DISCUSSION

Before analyzing Plaintiff's motion and the parties' arguments, the Court sets forth the governing legal standard. To merit a temporary restraining order ("TRO") or preliminary injunction, a plaintiff must establish that (1) he has a likelihood of success on the merits; (2) he will suffer irreparable injury if the injunction is denied; (3) his threatened injury outweighs injury to the opposing party; and (4) the injunction would not be adverse to the public interest. *See, e.g.*, *Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002); *Witt v. Colorado*, No. 1:22–cv–02242–CNS–NRN, 2023 WL 2375092, at *1 (D. Colo. Mar. 6, 2023). A plaintiff seeking a TRO must satisfy all four elements. *See Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1277 (10th Cir. 2022).

The Court turns now to Defendants' arguments set forth in their Responses, ultimately agreeing that the motion and Plaintiff's request for preliminary injunctive relief should be denied.

2

*First*, Plaintiff's motion is both a motion seeking injunctive relief, *see* ECF No. 28 at 17, and a "notice" providing "post-complaint developments," *id.* at 2. It is improper, as a procedural matter, to supplement the Second Amended Complaint's allegations through such a notice contained in a motion. Accordingly, the Court cannot—and does not—consider the notice of such "post-complaint" factual "developments," as they are beyond the bounds of the allegations of the operative complaint that confine the Court's analysis at this stage. *See* ECF No. 28 at 2 (stating that the notice "places before the Court a compressed series of *post-complaint* developments" (emphasis added)); ECF No. 34 at 2 n.1; *Jones v. Denver Hum. Servs.*, No. 1:25–cv–01979–GPG–SBP, 2025 WL 3907659, at *9 (D. Colo. Oct. 22, 2025), *report and recommendation adopted*, No. 1:25–cv–01979–GPG–SBP, 2025 WL 3907698 (D. Colo. Dec. 23, 2025) ("Where a motion for injunctive relief is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his lawsuit . . . they cannot provide the basis for a preliminary injunction." (citation modified)).

*Second*, the Court agrees with the State Defendants that the Anti-Injunction Act bars Plaintiff's request for relief. *See* ECF No. 34 at 6. In his motion, Plaintiff clearly seeks to enjoin and stay the underlying state court proceedings. *See* ECF No. 28 at 17 (seeking a temporary restraining order "immediately staying . . . enforcement of March 16, 2026 civil money judgment . . . in Jefferson County District Court; and the April 17, 2026 contempt hearing in that case"). But the Anti-Injunction Act, 22 U.S.C. § 2283, "'is an absolute prohibition against enjoining state court proceedings.'" *Thomas v. Superior Ct. of California*, No. CV 25–01872–SB (DFM), 2025 WL 2491521, at *4 (C.D. Cal. Mar. 6,

2025), *report and recommendation adopted sub nom. Thomas v. Superior Ct. of California*, No. 2:25–cv–01872–SB–DFM, 2025 WL 2491522 (C.D. Cal. Mar. 27, 2025); *see also id.* (observing courts are "prevented from intervening in a state court" action where a plaintiff sought to "enjoin, stay, and dismiss" the underlying state court action and citing Anti-Injunction Act). Moreover, the Court agrees with the State Defendants that Plaintiff has not shown that an exception to the Act applies. *See* ECF No. 28 at 16; ECF No. 34 at 7; *Arthur v. JP Morgan Chase Bank, NA*, 569 F. App'x 669, 678 (11th Cir. 2014) (explaining three exceptions to Anti-Injunction Act and that none applied where appellants cited no "Act of Congress" that authorized their request for injunctive relief, it was not necessary to enjoin a state proceeding "in aid of" district court jurisdiction, or to "protect or effect" a judgment). And "unless the injunction falls within one of the three specifically defined exceptions, the prohibition against enjoining state court proceedings is *absolute*." *Chester v. Bank of Am.*, No. 1:14–CV–00027–JEC–GGB, 2014 WL 12323683, at *2 (N.D. Ga. Mar. 17, 2014) (citation modified).[*]

---

[*] Plaintiff refers to 42 U.S.C. § 1983 in the Second Amended Complaint. *See generally* ECF No. 9. This is certainly an "Act of Congress" that establishes an Anti-Injunction Act exception. *See, e.g., Willis v. Roddy*, No. 16CV1008 BEN (JLB), 2016 WL 2594061, at *2 (S.D. Cal. May 5, 2016). But in the motion Plaintiff makes no argument as to which of his claims he properly brings under § 1983 for purposes of establishing that this Anti-Injunction Act exception applies. *See* ECF No. 34 at 7. Indeed, Plaintiff does not make argument as to any Anti-Injunction exception at all. Regardless, the Court's conclusion is bolstered by the fact that two of the constitutional "claims" that Plaintiff advances in making his *likelihood of success* arguments in the motion—the *Caperton* "Structural Bias" claim and the *Bearden* "Equal Protection/Due Process" Claim—arise from his post-complaint "notice" and do not appear as claims in the Second Amended Complaint, and the gravamen of the motion's due process claim is premised on allegations that are not contained in Second Amended Complaint. *See* ECF No. 28 at 12; *id.* at 3. The other ADA statutory claims that are the subject of Plaintiff's motion are not such acts of Congress that fall under an Anti-Injunction Act exception. *See, e.g., Moore v. Cap. Realty Grp., Inc.*, No. 21–CV–1099LGF, 2023 WL 4699915, at *4 (W.D.N.Y. July 24, 2023).

Accordingly, the State Defendants are correct that the Anti-Injunction Act bars Plaintiff's requests for preliminary injunctive relief. *See* ECF No. 34 at 7. And because the Act does so, even giving Plaintiff's filings a liberal construction, *see Schupper v. Cafasso*, 708 F. App'x 943, 946 (10th Cir. 2017) Plaintiff has not met his burden of showing a likelihood of success on the merits of his claims. *See, e.g., Thomas*, 2025 WL 2491521, at *4; *Littlejohn v. CitiMortgage Inc*., No. 3:15–cv–194–J–34JRK, 2015 WL 789131, at *2 (M.D. Fla. Feb. 24, 2015) ("Because Plaintiff's request for injunctive relief is likely barred by the Anti–Injunction Act, Plaintiff fails to demonstrate a substantial likelihood of success on her claims for injunctive relief."). Therefore, the Court must deny Plaintiff's motion. *See, e.g., Denver Homeless*, 32 F.4th at 1277 ("An injunction can issue only if each factor is established." (citation modified)). Because it is proper to deny the motion on this basis, the Court need not consider the parties' other arguments as to Plaintiff's request for relief against the State Defendants. *See Flexpak, LLC v. Scharrer*, No. 1:25–cv–02439–CNS–STV, 2026 WL 234011, at *2 (D. Colo. Jan. 29, 2026) ("If it is not necessary to decide more, it is necessary not to decide more." (citation modified)).

Finally, the Court reaches the same conclusion as to Plaintiff's request for injunctive relief against the School District Defendant. As it observes in its Response, "there are no grounds for a preliminary injunction or temporary restraining order" against it set forth in the motion. ECF No. 33 at 3. Indeed, the Court agrees with the School District Defendant that Plaintiff *is* clear that "the TRO targets Jefferson County *District Court* as an institution"—not the School District. *Id.* (emphasis added). Accordingly, Plaintiff has not shown a likelihood of success on the merits as to any claim against the School District

Defendant, *see Denver Homeless*, 32 F.4th at 1277, to the extent Plaintiff seeks such relief, as the motion itself "fails to articulate the factual and legal bases for [Plaintiff's] claims" against the School District Defendant, *W.-Helmle v. Denver Dist. Attorney's Off.*, No. 1:19–cv–02304–RM–STV, 2019 WL 13092597, at *1 (D. Colo. Oct. 23, 2019). Plaintiff's request for relief, discussed above, demonstrates this. *See* ECF No. 28 at 17. *See also id.* at 10 ("Plaintiff seeks a [TRO] staying . . . the April 17, 2026 contempt hearing . . . . Additionally, Plaintiff requests that this Court order the Jefferson County District Court to conduct that interactive process within 14 days . . . ."); *id.* ("The TRO targets Jefferson County District Court as an institution"); *id.* at 12 ("[C]ourts cannot enforce financial obligations without inquiring into the ability to pay."); *id.* at 15 ("The public interest is served by ensuring that state courts comply with Title II of the ADA.").

\* \* \*

Accordingly, and consistent with the above analysis, Plaintiff's Notice of Post-Complaint Developments and Combined Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 28, is DENIED.

DATED this 1st day of April 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge